'would have been, that these acts should remain in force, as to such districts and vessels, not that some provisions, which relate to them, should remain in force. What are provisions, which relate to a particular subject? Certainly the answer must be, such provisions as definitely point to that subject, not such as embrace whole classes of subjects. Indeed, on a careful inspection, I am not sure, that the exception is not yet of a more narrow construction, and ought not to be restrained to the last preceding clause, to wit, that relative to detentions on account of the nature of the cargoes of vessels. In this view, the act would take from collectors all power to detain vessels, unless in districts adjacent to a foreign territory, or in cases of vessels bound or belonging to such districts. However, I incline to adhere to that which the counsel for the claimants have so elaborately expounded.

On the whole I cannot but consider the words of the enacting clause, "so much of the acts," &c. as meaning, so many provisions of the acts, and the words of the exception. as excluding the enumerated provisions from the operation of that clause. The former sweep away all general provisions, and the latter save those only, which point specially and distinctly to a particular purpose. If the construction of the act were even doubtful, I should unhesitatingly pronounce the same decision. When the legislature speak in clear and distinct terms, I am bound and with cheerfulness shall obey them. But when they choose "spargere ambiguas voces," I know no duty imposed on a court, to hunt through dark and doubtful passages, to catch a glimmering meaning, whereby to load the citizen with penalties and forfeitures. In a doubtful case, it is a sound rule of construction, that the words are to be expounded in favor of the citizen, and against the legislators.

I affirm the decree of the district court restoring the property.

## Case No. 4,632.

The FAME.

[See Case No. 7,845.]

## Case No. 4,633.

The FAME.

[1 Brown, Adm. 42.][1]

District Court, D. Michigan. Dec., 1858.

Jos. Miller, Jr., Dist. Atty., for the United States.

Levi Bishop, for claimant.

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]